714 So.2d 757 (1998)
Barbara McDONNELL
v.
NESTLE BEVERAGE COMPANY.
No. 97-CA-2029.
Court of Appeal of Louisiana, Fourth Circuit.
April 22, 1998.
*758 Kenneth M. Plaisance, New Orleans, for Plaintiff-Appellant Barbara McDonnell.
Hurlburt, Privat & Monrose, M. Blake Monrose, Robert Martina, Lafayette, for Defendants-Appellees Nestle Beverage Co. and Fireman's Fund Ins. Co.
Before KLEES, BYRNES and PLOTKIN, JJ.
KLEES, Judge.
Barbara McDonnell, plaintiff-appellant, appeals from a judgment denying her workers' compensation benefits and granting Defendant-Appellee, Nestle Beverage Company, a Social Security offset in the amount of $309.50 per month. For the following reasons we affirm.
During the trial on the merits the parties stipulated that McDonnell was injured in the course and scope of her employment with Nestle on November 21, 1991. McDonnell received temporary total disability benefits from the date of her accident until January 4, 1995. All claims for workers' compensation benefits prior to January 4, 1995 were settled in a previous action. The present claim is strictly for benefits McDonnell alleges she is owed subsequent to January 4, 1995.
On January 4, 1995, Nestle terminated McDonnell's temporary total disability benefits. On October 9, 1995, McDonnell filed a Form LDOL-WC-1008 claiming she was entitled to temporary total disability benefits and / or supplemental earnings benefits. On February 1, 1996, Nestle reinstated McDonnell's benefits in the amount of $290.18 per week, and continued to pay until the Hearing Officer rendered a judgment authorizing the termination of said benefits.
At the pre-trial conference McDonnell asked the court to consider her claim for permanent total disability benefits, as well as her claims for temporary total disability benefits and supplemental earnings benefits. The Hearing Officer specifically asked McDonnell's counsel if the issue of permanent total disability benefits was before the court, and he answered in the affirmative.
At trial McDonnell testified that she suffered a herniated disk, and underwent a laminectomy in February of 1993. She also testified that she had good days and bad days, but is in almost constant pain. McDonnell stated that she could not work an eight hour day. McDonnell's son testified that McDonnell has difficulty performing household chores.
The depositions of three of McDonnell's treating physicians were entered into evidence *759 as joint exhibits. Basically, Doctors Whitecloud, Applebaum, and Shamsnia all opined that McDonnell suffers from lumbar disc disease known as mechanical instability of the lower back. However, all three doctors released McDonnell to light duty work.
Karen Eischen, a personnel assistant at Nestle, testified that on January 3, 1995, Nestle offered McDonnell the light duty position of switchboard operator. Dr. Shamsnia approved a job analysis describing the duties required of the position. Nestle introduced both the written job offer and the job analysis signed by Dr. Shamsnia into evidence. McDonnell refused the position, and on January 4, 1995, Nestle terminated her temporary total disability benefits.
Nestle introduced a surveillance tape recorded on December 5, 11, 12, and 28, 1996. On December 5th the tape shows McDonnell stooping, not bending much at the waist, removing a car cover from her vehicle. She squats completely at the front of the vehicle, and gets into the driver's side with little or no effort. The next frame shows McDonnell leaving the post office with no visible signs of discomfort. It further shows McDonnell at Ochsner Clinic later that same day, and she is obviously limping. The remainder of the tape shows McDonnell performing various daily activities without any visible signs of discomfort or inability to move about. On rebuttal McDonnell testified that she was wearing a back brace and nylon leggings at the time the video was recorded. Additionally, McDonnell's former boyfriend, Gary Joseph, gave testimony to the effect that McDonnell is exaggerating her condition.
The Hearing Officer rendered judgment and, in pertinent part, found that: (1) McDonnell is neither permanently nor temporarily totally disabled and is therefore no longer entitled to compensation benefits; (2) McDonnell is not entitled to supplemental earnings benefits; (3) Nestle is entitled to a Social Security offset in the amount of $309.50 per month from March 13, 1996, the date of judicial demand.[1] McDonnell filed this appeal.

DISCUSSION AND LAW

Standard of Review
McDonnell argues that the Hearing Officer made several reversible errors of law, and therefore seeks a review of the facts de novo. However, as will be discussed below, we find the record void of any reversible errors of law. The standard for review in workers' compensation cases is the manifest errorclearly wrong standard, which precludes the setting aside of a trial court's findings of fact unless they are clearly wrong in light of the record reviewed in its entirety. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706, 710. Further, "[t]he trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error." Bruno v. Harbert Int'l, Inc., 593 So.2d 357, 361 (La.1992).

Admissibility of Evidence
McDonnell argues that the Hearing Officer committed a reversible error of law by allowing Nestle to introduce the surveillance tape into evidence. McDonnell claims her case was prejudiced because she was not given the opportunity to examine the tape prior to trial. However, McDonnell failed to object to the tape's admissibility at trial. Thus, she is precluded from raising this issue on appeal. La.Code Civ. Proc. art. 1635; Austin v. Pascarelli, 612 So.2d 201, 208 (La. App. 4th Cir.1992), writ denied, 614 So.2d 1256 (La.1993), writ denied, 614 So.2d 1257 (La.1993); American Mfrs. Mut. Ins. Co. v. General Motors Corp., 582 So.2d 934, 940 (La.App. 2nd Cir.1991).
McDonnell also argues that the Hearing Officer committed a reversible error of law by allowing Karen Eischen, Gary Joseph, *760 and Bernard Adams to testify because their names did not appear on Nestle's Response to Pre-Trial Questionnaire. Nonetheless, Nestle filed a timely Supplemental and Amending Pre-Trial Questionnaire listing Karen Eischen and Gary Joseph as witnesses. While Bernard Adams did not appear on either of Nestle's Pre-Trial Questionnaires, McDonnell failed to object to the testimony of Bernard Adams when he was called as a witness. Thus, she is precluded from raising this issue on appeal. La.Code Civ. Proc. art. 1635; American Mfrs. Mut. Ins. Co., 582 So.2d at 940; Horton v. McCrary, 620 So.2d 918, 927 (La.App. 3rd Cir.1993), writ granted, 629 So.2d 1141 (La. 1993), aff'd in part, rev'd in part, 93-2315 (La.4/11/94), 635 So.2d 199, reh'g denied.

Disability
McDonnell argues that the Hearing Officer was manifestly erroneous in finding that she is neither permanently nor temporarily totally disabled. A claimant seeking permanent total disability benefits or temporary total disability benefits must prove by clear and convincing evidence that he is unable to engage in any gainful occupation, whether or not the same type of work he was engaging in at the time of injury. La.Rev. Stat. sec. 23:1221(1)(c),(2)(c); Schmitt v. City of New Orleans, 632 So.2d 367, 373-74 (La. App. 4th Cir.1993). A workers' compensation claimant is not entitled to permanent total disability benefits or temporary total disability benefits where claimant's treating physician opined that claimant was able to engage in light duty work. Spencer v. Gaylord Container Corp., 96-1230 (La.App. 1st Cir. 3/27/97), 693 So.2d 818, 828.
Here all three of the doctors whose depositions were introduced at trial opined that McDonnell could perform light duty work. Nestle offered McDonnell a light duty position as a switchboard operator. Although McDonnell testified that she could not perform the duties required by this position, she made absolutely no attempt to try. Further, the Hearing Officer opined that the surveillance tape casts doubt upon McDonnell's veracity and truthfulness as to her physical condition. The Hearing Officer also opined that McDonnell is exaggerating her condition. Credibility determinations should not be set aside absent manifest error. Bruno, 593 So.2d at 361. Given the medical evidence, McDonnell's failure to even attempt to perform light duty work, and the contents of the surveillance tape, we conclude that the Hearing Officer was not manifestly erroneous in finding that McDonnell failed to prove by clear and convincing evidence that she is either permanently or temporarily totally disabled.

Supplemental Earnings Benefits
McDonnell argues that the Hearing Officer erred in holding that she is not entitled to supplemental earnings benefits pursuant to La.Rev.Stat. sec. 23:1221(3). When making a claim for supplemental earnings benefits, the employee bears the initial burden of proving by a preponderance of the evidence that he is unable to earn wages equal to ninety percent or more of his pre-injury wages. Fallen v. New Orleans Police Dep't, 97-0022 (La.App. 4th Cir. 7/23/97), 697 So.2d 1077, 1080. Once that burden is met, the burden of proof shifts to the employer who, if he wishes to defeat supplemental earnings benefits, must show that the employee is physically able to perform a certain job, and that the job was offered to the employee or available in his or the employer's reasonable geographic location. Id.
All three of the doctors whose depositions were introduced into evidence opined that McDonnell could perform light duty work. Further, McDonnell made no attempt to even try to perform light duty work. There is no evidence, except for McDonnell's testimony, that she is unable to earn more than ninety percent of her pre-injury wages. As discussed above, the Hearing Officer questioned McDonnell's veracity and truthfulness as to her physical condition. The Hearing Officer also opined that McDonnell is exaggerating her condition. Credibility determinations should not be set aside absent manifest error. Bruno, 593 So.2d at 361. Given the evidence in the record, the Hearing Officer was not manifestly erroneous in holding that McDonnell failed to prove by a preponderance of the evidence that she *761 cannot earn at least ninety percent of her pre-injury wages. Accordingly, the burden never shifted to Nestle to show that McDonnell is physically capable of performing a certain job, and that the job was either offered or available in her reasonable geographic region.

Offset
McDonnell argues that the Hearing Officer committed reversible error by granting Nestle an offset for Social Security benefits. Appellant argues that as a prerequisite to a Social Security offset of workers' compensation benefits, the injured employee must be permanently and totally disabled. This argument is without merit. Under Garrett v. Seventh Ward Gen. Hosp., 95-0017 (La.9/25/95), 660 So.2d 841, 847, an employer is entitled under La.Rev.Stat. 23:1225(C)(1)(c) to an offset of Social Security disability benefits against its workers' compensation obligation. Additionally, an offset pursuant to La.Rev.Stat. 23:1225(C)(1)(c) does not require a finding of permanent and total disability. Id. at 842, FN 2. Therefore, the Hearing Officer did not commit error by granting Nestle a Social Security offset.
Accordingly, for the foregoing reasons the judgment of the Hearing Officer is affirmed.
AFFIRMED.
NOTES
[1] In brief Nestle argues that the Hearing Officer erred in calculating the amount of the offset. However, Nestle failed to answer this appeal, therefore we decline to address this issue or amend the judgment in respect to the amount of the offset. La.Code Civ. Proc. art. 2133. Smith v. USAA Casualty Ins. Co., 532 So.2d 1171, 1172 (La.App. 4th Cir.1988).