874 So.2d 247 (2004)
Richard GARDACHE
v.
CITY OF NEW ORLEANS.
No. 2003-CA-1286.
Court of Appeal of Louisiana, Fourth Circuit.
March 31, 2004.
*248 Gregory S. Unger, Michael S. Guillory, APLC, Metairie, LA, for Plaintiff/Appellant.
Wayne J. Fontana, Carin J. Dorman, Thomas Louis Colletta, Courtenay, Hunter & Fontana, L.L.P., New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO JR.).
MICHAEL E. KIRBY, Judge.
The Claimant, Richard E. Gardache (hereinafter "Mr. Gardache") appeals the Judgment of the Office of Workers' Compensation in favor of the New Orleans Police Department (hereinafter "NOPD"), his former employer, which dismissed with prejudice his disputed workers' compensation claim.
STATEMENT OF THE FACTS
The NOPD/the City employed Mr. Gardache as a police officer and emergency medical technician. On March 9, 1984, Mr. Gardache was involved in an accident in the course and scope of his employment in which he sustained a back injury. The City accepted Mr. Gardache's claim as compensable and subsequent to the accident paid medical and indemnity benefits.
In 1985, Mr. Gardache returned to work at the NOPD in a modified desk position, where his duties included the performance of computer work and answering the telephone. He worked in this capacity for approximately three (3) years. Compensation benefits were paid following the accident and subsequently suspended sometime in 1985 due to Mr. Gardache's return to work in a modified capacity with the police department.
In 1986, Mr. Gardache's treating physician offered him surgery as a means of relieving pain but he has declined to undergo surgery through the present date.
In 1988, the City began to pay him a pension and reinstated compensation benefits. In January 1995, Mr. Gardache's indemnity benefits were reclassified as Supplemental Earnings Benefits (SEB)[1], although they continued to be paid at the maximum compensation rate. In 1996, the City terminated Mr. Gardache's indemnity benefits based upon its belief that Mr. Gardache had received all of the workers' compensation benefits to which he was entitled under the law. Mr. Gardache brought a disputed claim for workers' compensation, which ultimately resulted in a consent judgment in October 1997 that reinstated indemnity and medical benefits.
Dr. Ruel, Mr. Gardache's treating orthopaedist declared him to be at maximum medical improvement (MMI). In 1998, Dr. Ruel approved several jobs that he felt Mr. Gardache was capable of performing.
The City paid Mr. Gardache compensation benefits from 1988 until September 9, 2000. In September 2000, the City terminated Mr. Gardache's indemnity benefits again based on the fact that he had received greater than ten (10) years of indemnity benefits.
Mr. Gardache states he is in pain and takes pain medication. However, he is capable of driving an automobile and does drive, subject to his pain.
On December 20, 2000, Mr. Gardache, through counsel, filed a Disputed Claim for compensation, Form LDOL-WC-1008, seeking a reinstitution of benefits and penalties and attorney fees. Following the opening of trial in October 2002, counsel *249 requested that the matter be recessed, and that the workers' compensation court grant counsel permission to submit the matter for decision on written stipulations, exhibits introduced into evidence and memoranda. This was done and the record was closed on January 3, 2003. On March 19, 2003, the workers' compensation court rendered a Judgment that dismissed with prejudice Mr. Gardache's disputed workers' compensation claim.
ASSIGNMENTS OF ERROR
On appeal Mr. Gardache makes the following assignments of error: (1) the trial court was manifestly erroneous in not finding Mr. Gardache permanently, totally disabled; (2) alternatively, the trial court was manifestly erroneous in not finding Mr. Gardache partially disabled and entitled to Supplemental Earnings Benefits ("SEB"); (3) the trial court committed manifest error in not properly applying the 1997 Consent Judgment; (4) the trial court committed manifest error by holding Mr. Gardache is not entitled to workers' compensation medical benefits; and, (5) the trial court erred in not awarding statutory penalties and attorney fees, pursuant to La. R.S. 23:1201 and 1201.2.
STATEMENT OF THE LAW
We review workers' compensation cases using the manifest error or clearly wrong standard. Bruno v. Harbert International, Inc., 593 So.2d 357 (La. 1992). This standard precludes setting aside a trial court's finding of fact in absence of manifest error or unless it is clearly wrong. Stobart v. State through Dep't of Transp. and Dev., 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). In applying the manifest error standard, we need not determine whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart, 617 So.2d 880; Mart v. Hill, 505 So.2d 1120 (La.1987); Rosell, 549 So.2d 840. As the Louisiana Supreme Court has stated, "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990).
The trial court made the following findings of fact: (1) Mr. Gardache has failed to prove by clear and convincing evidence that he is physically unable to engage in any employment or self-employment; (2) There is no evidence in this record Mr. Gardache suffers from a psychiatric condition which prevents him from working; (3) Mr. Gardache did not seek psychiatric treatment for any reason until sixteen years following his accident; (4) Mr. Gardache's depressive condition is not the result of the injury he sustained in 1984; (5) Mr. Gardache's treating psychiatrist opines Mr. Gardache is capable of employment from a cognitive standpoint; (6) Mr. Gardache has exhausted his eligibility for SEB; (7) Employer has not acted in an arbitrary or capricious manner in its administration of this claim.
Louisiana Revised Statutes 23:1221(2)(c)[2] provides the basis for an award in the case of an employee who is permanently, totally disabled (hereinafter "PTD") as follows.
For purposes of Subparagraph (2)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph *250 (2)(b) of this Paragraph, compensation for permanent total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, but not limited to, any and all odd-lot employment, sheltered employment or employment while working in any pain, notwithstanding the location or availability of such employment or self-employment.
The workers' compensation court was reasonable in concluding Mr. Gardache was not permanently totally disabled. First, plaintiff was able to work subsequent to the accident, albeit in an office position. The fact that he was capable of fulfilling his duties in such a position precludes his arguing that he was PTD. As his own treating psychiatrist said, from a cognitive standpoint, nothing prevents Mr. Gardache from working.
Mr. Gardache did not seek psychiatric treatment for any reason until sixteen (16) years following his accident. It is certainly reasonable to conclude that even if a severe psychiatric condition arose, after such a time lapse numerous other factors could be the cause of such condition. Therefore, the workers' compensation court cannot be manifestly erroneous for finding Mr. Gardache's depressive condition is not the result of the injury he sustained in 1984.
Moreover, in this case nothing in the record proves by clear and convincing evidence that such a psychiatric condition exists that would prevent Mr. Gardache from working. There is not sufficient evidence in the record to find manifestly erroneous the workers' compensation court's finding Mr. Gardache did not meet his burden of proving by "clear and convincing" evidence that he is physically unable to engage in any employment.
Mr. Gardache relies on Comeaux v. City of Crowley, 01-0032 (La.7/3/01), 793 So.2d 1215, for a finding of PTD. The facts of Comeaux are distinguishable from this case. In Comeaux, Mr. Gardache was fifty-eight years old and quit the eighth grade after having failed several times. Additionally, the plaintiff was in constant unrelenting pain, underwent two failed major surgeries and the vocational rehabilitation specialist assigned to his case stated that the plaintiff was unemployable in any job. The Louisiana Supreme Court stated that the Comeaux case was unique and their finding of PTD was strictly confined to the facts of that case. Mr. Gardache, on the other hand, has never had surgery and is a high school graduate who has demonstrated the cognitive capabilities of successfully completing the police academy, as well as emergency medical technician training. He has shown an ability to work with computers in the past and has performed clerical jobs. Mr. Comeaux had failed his GED six times and clearly could not perform clerical duties.
Dr. Ruel, one of Mr. Gardache's treating physicians, testified that but for the Mr. Gardache's pain Mr. Gardache could physically perform the jobs that were located and approved by him in 1998. Dr. Mimeles also examined Mr. Gardache on several occasions. Dr. Mimeles opined in deposition that Mr. Gardache can perform gainful employment.
Sixteen (16) years after the date of the accident and twelve (12) years from Mr. Gardache's retirement from the Police Department, Mr. Gardache's disability benefits were deemed exhausted. Mr. Gardache states he should be classified as PTD, and receive those benefits because of *251 pain if he were to work. Prior to the 1983 amendments to La. R.S. 23:1221, Dr. Ruel's testimony that Mr. Gardache cannot return to gainful employment without pain may have been sufficient to support an award of PTD. Subsequent to the amendments to Section 1221, this criteria is no longer sufficient to support an award of PTD benefits. Bank of Winfield & Trust Co. v. Collins, 31,473 (La.App. 2 Cir. 2/24/99), 736 So.2d 263; Long v. Manville Forest Products Corp., 554 So.2d 181 (La.App. 2 Cir.1989).
On the issues of temporary total disability benefits and the La. R.S. 23:1223 post 1990 credit to the employer against SEBs paid, we first look at the statute.
La. R.S. 23:1223(B) states:
... [W]hen compensation has been paid under R.S. 23:1221(1) [temporary total disability], (2) [permanent total disability], or (4) [permanent partial disability], the number of weeks of compensation paid shall be deducted from any compensation allowed under R.S. 23:1221(3) [supplemental earnings benefits]....
We find the learned workers' compensation court's application of this statute to these facts to be correct:
The Fourth Circuit in Cline v. The St. Jude Medical Center, 619 So.2d 712 (La. 4 Cir.1993) (sic) and again in Fallen v. New Orleans Police Department, 697 So.2d 1077 (La. 4 Cir.1997) (sic) addressed the post 1990 credit issue. In both decisions it was expressly held that the employer is entitled to a credit for benefits paid after 1990 relative to accidents which predated the amendment. In Cline, the Fourth Circuit was asked to address the credit issue relative to a claim for SEB. The court acknowledged that the 1990 amendment to 23:1223 did not have retroactive application but stated: "However, because weekly compensation benefits for temporary total disability are dependent on the disability continuing, benefits technically become due only upon the continued existence of that disability week to week, any amounts plaintiff received for temporary total disability benefits after the effective date of the 1990 amendment to 23:1223(B) should be subject to the credit."
The Fourth Circuit in Fallen was faced with a similar claim by the plaintiff. In that case, it was argued by the plaintiff that the Cline decision had been implicitly overruled by the Supreme Court in Thibodeaux [v. Diamond M Drilling Co., 93-2963 (La.2/25/94), 632 So.2d 736]. In answer to this assertion, the Fourth Circuit stated: "Thibodeaux did not state whether temporary disability benefits in that case were paid after the January 1, 1990 effective date of the amendment and did not consider whether temporary total disability payments after January 1, 1990 are subject to the credit ... thus, we decline to hold Thibodeaux overruled Cline's holding that the employer is entitled to a credit for benefits which became due after January 1, 1990."
The Fourth Circuit's position on the credit issue more accurately reflects the nature of benefit entitlement as being dependent upon continuing disability and therefore not due or payable until owed. The City of New Orleans in this matter is entitled to a credit for benefits previously paid, and as such, there can be no further entitlement to SEB benefits as argued in the alternative by plaintiff's counsel.
In his penultimate assignment of error, Mr. Gardache argues that the Consent Judgment dated October 2, 1997, entitles Mr. Gardache to continue receiving benefits. He bases this argument on the language *252 found in the Consent Judgment which states:
Mr. Gardache continues to be disabled as a result of his work-related accident with the City and shall continue to receive his full disability and medical benefits until such time as he is determined to be capable of working.
We find no error in the workers' compensation court's finding. The Consent Judgment dated October 2, 1997, does not entitle Mr. Gardache to receive full disability and medical benefits because the workers' compensation court found Mr. Gardache failed to prove by clear and convincing evidence that he is physically unable to engage in any employment or self-employment. La. R.S. 23:1221.
Neither do we find manifest error in the workers' compensation court's Judgment denying statutory penalties and attorney fees pursuant to La. R.S. 23:1201.
For the aforementioned reasons, we affirm the Judgment of the workers' compensation court.
AFFIRMED.
NOTES
[1] Supplemental Earnings Benefits are defined in La. R.S. 23:1221(3).
[2] Although amendments have occurred since 1985, the date of the accident, none are substantive. Therefore, as they are interpretive amendments, we apply the article as it reads today.