974 So.2d 15 (2007)
Richard GARDACHE
v.
CITY OF NEW ORLEANS POLICE DEPARTMENT.
No. 2007-CA-0269.
Court of Appeal of Louisiana, Fourth Circuit.
November 28, 2007.
Gregory S. Unger, Workers' Compensation, L.L.C., Metairie, Louisiana, for Plaintiff/Appellant.
Wayne J. Fontana, Christopher M. McNabb, Hunter & Fontana, New Orleans, Louisiana, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
JAMES F. McKAY III, Judge.
The claimant-appellant, Richard Gardache, appeals from the Office of Workers' Compensation Administration's granting of the defendant-appellant's, City of New Orleans's, exception of res judicata. We reverse.
FACTS AND PROCEDURAL HISTORY
On March 9, 1984, Richard Gardache was employed by the City of New Orleans as a police officer and emergency medical technician when he injured his back. The City paid indemnity and medical benefits to Mr. Gardache until 1985 when he returned to work in a modified position. Mr. Gardache worked in the modified position until his treating orthopedic surgeon considered him totally disabled on August 22, 1988. At that point, Mr. Gardache received indemnity benefits in the form of temporary total disability benefits (TTD) until December of 1997 when he began receiving supplemental earnings benefits (SEB). Mr. Gardache received SEB through September 9, 2000 when the City terminated his benefits on the grounds that he had received indemnity benefits for more than 520 weeks.
On December 20, 2000, Mr. Gardache filed a disputed claim for compensation seeking reinstatement of his SEB payments. On March 19, 2003, the workers' *17 compensation judge, relying on Cline v. St. Jude Medical Center, 619 So.2d 712 (La. App. 4 Cir.1993), entered a judgment dismissing Mr. Gardache's claim with prejudice. Mr. Gardache appealed that judgment, which this Court affirmed on March 31, 2004. Gardache v. City of New Orleans, 03-1286 (La.App. 4 Cir. 3/31/04), 874 So.2d 247. This Court held "because weekly compensation benefits for total disability are dependent on the disability continuing, benefits technically become due only upon the continued existence of that disability week to week, any amounts plaintiff received for temporary total disability benefits after the effective date of the 1990 amendment to 23:1223(B) should be subject to the credit." Id. at 251. The Louisiana Supreme Court denied writs on June 18, 2004.[1]
On January 19, 2005, the Louisiana Supreme Court considered the issue of the "applicability of the 1990 amendments to La.Rev.Stat. 23:1223 to claims for indemnity benefits arising from work-related accidents that occurred prior to the effective date of the amendments." Frith v. Riverwood, Inc., 04-1086 (La.1/19/05), 892 So.2d 7, 9. In Frith, the Supreme Court specifically overruled both Cline v. St. Jude Medical Center, 619 So.2d 712 (La.App. 4 Cir. 1993) and Gardache v. City of New Orleans, 03-1286 (La.App. 4 Cir. 3/31/04), 874 So.2d 247. Frith at 12.
Upon becoming aware of the Supreme Court's decision in Frith, Mr. Gardache filed another disputed claim for compensation seeking SEB on April 6, 2005. Mr. Gardache contended that because the law in effect as of March 9, 1984 did not allow the employer to credit what it had paid in TTD indemnity benefits against what it owed in SEB, and as he was unable to earn 90% of his pre-accident wages, he was entitled to additional SEB. The City filed an exception of res judicata, which the Office of Workers' Compensation granted on August 11, 2005. It is from this judgment that Mr. Gardache now appeals.
DISCUSSION
At issue in this appeal is whether the doctrine of res judicata is applicable in this case considering that the Louisiana Supreme Court specifically overruled the Fourth Circuit Court of Appeal's decision on the issue of Mr. Gardache's entitlement to. SEB in Frith v. Riverwood, Inc., XXXX-XXXX (La.1/19/05), 892 So.2d 7.
Ordinarily, once a judgment becomes final and definitive, the parties are bound by it, regardless of any future change of circumstance. However, workers' compensation judgments are treated differently from ordinary judgments. This is due to the fact that if the rules of finality that govern ordinary civil judgments are applied to workers' compensation judgments, the flexibility of the workers' compensation system would be greatly restricted. Falgout v. Dealers Truck Equipment Co., 98-3150 (La.10/19/99), 748 So.2d 399, 406. If there is any doubt as to the applicability of the res judicata exception it must be overruled. Davis v. Home Depot, 96-0850 (La.App. 5 Cir. 2/25/97), 690 So.2d 208, 211.
In Frith v. Riverwood, Inc., the Louisiana Supreme Court overruled this Court's earlier decision in Gardache v. City of New Orleans, and rejected the analysis utilized by this Court on the issue of SEB entitlement. The Supreme Court noted that there was a split in the Circuits regarding the applicability of the 1990 amendments to claims that arose from work-related accidents which occurred prior to the effective date of those amendments. The Supreme Court cited the language of the *18 statute in effect at the time and found that "the only credit allowed was credit against an employer's PPD obligation for payment of TTD, PTD, and SEB. No credits were allowed against an employer's SEB obligation to his injured employee." Frith at 11. Effective January 1, 1990, La. R.S. 23:1223 was amended, and the amendment allowed employers "a credit against their SEB obligations for TTD, PTD, and PPD previously paid to injured employees." Id. Accordingly, if we were handing down our earlier opinion in Gardache today, it would not be the same as it was on March 31, 2004.
In the instant matter, Mr. Gardache would be entitled to SEB payments but for this Court's interpretation of the employer's credit under the 1990 amendments to La. R.S. 23:1223 in his earlier case. Granting the employer's exception of res judicata under these circumstances would place Mr. Gardache in the anomalous position of having his benefits reduced to zero, while a similarly situated individual living within the jurisdiction of a different Circuit would receive benefits. Although there is no bright letter rule on the issue of whether res judicata would apply when our earlier opinion in Gardache v. City of New Orleans has been overruled, it appears unfair that Mr. Gardache should be bound by it. Louisiana Civil Code Article 4 states: "When no rule for a particular situation can be derived from legislation or custom, the court is bound to proceed according to equity. To decide equitably, resort is made to justice, reason, and prevailing usages."

DECREE
For the foregoing reasons, the Office of Worker's Compensation Administration's granting of the City's exception of res judicata is reversed. This matter is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] 04-1047 (La.6/18/04), 876 So.2d 812.