977 So.2d 891 (2008)
Richard GARDACHE
v.
CITY OF NEW ORLEANS POLICE DEPARTMENT.
No. 2007-C-2496.
Supreme Court of Louisiana.
March 24, 2008.
PER CURIAM.
Finding that the court of appeal erred in reversing the judgment of the district court and remanding this matter, we grant this writ to reinstate the district court's judgment.
In the present case, plaintiff, Richard Gardache, on December 20, 2000, filed a disputed claim for compensation seeking reinstatement of his supplemental earning benefit payments (SEBs) arising from a 1984 work-related injury. On March 19, 2003, the workers' compensation hearing officer, relying on Cline v. St. Jude Medical Center, 619 So.2d 712 (La.App. 4th Cir.1993), entered a judgment dismissing plaintiffs claim with prejudice. Plaintiff appealed that judgment, which the appellate court affirmed on March 31, 2004. Gardache v. City of New Orleans, 03-1286 (La.App. 4 Cir. 3/31/04), 874 So.2d 247 (Gardache I). This Court denied writs on June 18, 2004. Gardache v. City of New Orleans, 04-1047 (La.6/18/04), 876 So.2d 812. Subsequently, on January 19, 2005, this Court in Frith v. Riverwood, Inc., 04-1086 (La.1/19/05), 892 So.2d 7, 12, specifically overruled both Cline and Gardache I.
Upon learning of the decision in Frith, plaintiff filed another disputed claim for compensation seeking SEBs on April 6, 2005. The defendant, the City of New Orleans, filed an exception of res judicata, which the workers' compensation hearing officer granted. Plaintiff appealed the judgment, and the court of appeal reversed, holding: "Although there is no bright letter rule on the issue of whether res judicata would apply when our earlier opinion in Gardache v. City of New Orleans has been overruled, it appears unfair that Mr. Gardache should be bound by it." Gardache v. City of New Orleans, 07-0269, p. 5 (La.App. 4 Cir. 11/28/07), 974 So.2d 15.
"A claim that a prior adjudication was incorrect, because of an erroneous interpretation of law, or because of reliance on a legal principle later overruled, is immaterial to the application of res judicata in a following proceeding so long as the requirements of res judicata are met." McClendon v. State, Dept. of Transp. and Development, 94-0111, p. 4 (La.9/6/94), 642 So.2d 157, 160. In the present case, all elements of res judicata are met. Plaintiffs's claims against defendant in this suit are identical to what was demanded in the first suit, reinstatement of indemnity benefits arising from his 1984 work injury. *893 The parties to this litigation are the same, and the matter was concluded by a definitive judgment when the court of appeal affirmed the findings of the district court and this Court thereafter denied writs. Therefore, contrary to the court of appeal's holding, the fact that this Court subsequently overruled the precedent of Gardache I and Cline in Frith is of no consequence.
Moreover, "[a] judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal." La.Rev. Stat. § 23:1310.8(E). When this Court denied writs, plaintiff exhausted his rights of appeal, and the judgment denying benefits became final. Any subsequent proceeding is barred based on res judicata.
Accordingly, the judgment of the court of appeal is reversed, and the judgment of the district court sustaining defendant's exception of res judicata is reinstated.
CALOGERO, C.J., KIMBALL and JOHNSON, JJ., would grant the writ application and docket the case to decide if "exceptional circumstances," see La.Rev. Stat, section 13:4232. prevail in this case, and thereby justify relief from the res judicata effect of the judgment, and to decide if the potential to receive SEBs for the period following the earlier judgment is a factor that sufficiently distinguishes this workers' compensation case from McClendon v. State, DOTD, 94-0111(La.9/6/94), 642 So.2d 157.