_[jMcKAY, Judge
The defendant, City of New Orleans, appeals a judgment of the Office of Worker’s Compensation awarding plaintiff, William Fallen, penalties and attorney fees under La. R.S. 23:1201(G). We affirm. FACTS AND PROCEDURAL HISTORY
On February 1, 1986, William Fallen was injured in the course and scope of his employment with the New Orleans Police Department when a motorcycle he was moving fell on him injuring his left leg and back. Due to this injury, Mr. Fallen received temporary and total disability benefits from February 23, 1986 through July 25, 1992, and he received supplemental earnings benefits (SEB) from July 25, 1992, until February 17, 1996. The defendant stopped paying these benefits on February 17, 1996, asserting that as five hundred and twenty (520) weeks of benefits had been paid since February 1, 1986, nothing further was owed.
Mr. Fallen challenged this and filed a claim with the Office of Workers’ Compensation claiming the right to additional benefits. Trial was held on May 9, 1996, and a judgment was rendered in favor of the defendant. On July 23 1997, |¡>this Court, finding that the termination of benefits was arbitrary, capricious, and without cause, and that Mr. Fallen was entitled to penalties and attorney fees, reversed the Office of Worker’s Compensation and remanded the case for the determination of penalties and attorney fees.[1] On August 6, 1997, the court below issued an order awarding Mr. Fallen penalties in the amount of $2000.00 and attorney fees in the amount of $10,000.00. However, this order was rendered prior to the delays for seeking writs had run.
On September 5, 1997, defense counsel filed a pleading styled: “Motion to Nullify Judgment and/or Motion for Suspensive Appeal.” The defendant was granted an adversarial hearing for the purposes of determining whether the order should be nullified. At the hearing held on October 13, 1997, a new judgment awarding the plaintiff $2,000.00 in penalties and $10,-000.00 in attorney fees was rendered. The defendant did not appeal from this new judgment. In fact, the defendant paid the $2,000.00 in penalties but did not pay the attorney fees. Mr. Fallen then filed a rule for R.S. 23:1201(G) penalties on February 18, 1998. At a hearing on the rule held on March 30, 1998, the hearing officer awarded additional attorney fees of $2,500.00 and penalties (not to exceed $3,000.00) of either $100.00 per day or 24% of any part of the award still due under the October 17, 1997 judgment. On April 15, 1998, a judgment tracking these reasons was signed. It is from this judgment that the defendant appeals.
I,DISCUSSION
Although the defendant contends that the trial court erred in not granting the defendant a suspensive appeal from the August 6, 1997 judgment, that is not the case. In reaction to the trial court’s premature judgment of August 6, 1997, the defendant filed a pleading styled: “Motion To Nullify Judgment And/Or Motion For Suspensive Appeal.” This motion was clearly in the alternative. When the trial court granted the defendant an adversarial hearing and rendered a new judgment, the judgment of August 6, 1997 was nullified. Therefore, the defendant was granted one of the alternative remedies that it sought. The defendant did not appeal the new judgment and in fact paid the $2,000.00 in *912 penalties but not the attorney fees of $10,-000.00. It should also be noted that the defendant was never granted an order of appeal from either of these judgments as is required by Louisiana Code of Civil Procedure Article 2121. Ratcliff v. Boydell, 566 So.2d 197 (La.App. 4 Cir.), writ denied, 571 So.2d 647 (La.1990).
The only issue properly before this Court is whether the judgment of April 15, 1998, awarding additional attorney fees and penalties subject to La.. R.S. 23:1201(G), is procedurally defective. According to La. R.S. 23:1201(G):
If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers’ compensation insurance. The total one hundred dollar per calendar day ^penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.[2]
As was stated earlier in this opinion, the judgment of August 6, 1997 was nullified and the judgment of October 13, 1997 was never appealed.[3] Because the judgment of August 6, 1997 was a nullity, it was not a nonappealable final judgment. However, the judgment of October 13,1997 became a nonappealable final judgment after the delays for moving for a new trial and taking an appeal had run with the defendant taking no action. Accordingly when the defendant failed to pay a portion of this judgment, the plaintiff filed a rule for La. R.S. 23:1201(G) penalties which the trial court awarded.
Courts of this state have recognized that under La. R.S. 23:1201(G) an employer is liable for penalties and attorney fees if it does not pay an award payable under a final, nonappealable judgment within thirty days. Harrington v. Coastal Construction & Engineering, 96-681 (La.App. 3 Cir. 12/11/96) 685 So.2d 457, writ denied, 97-0109 (La.3/7/97) 689 So.2d 1375. It has also been determined that the application of La. R.S. 23:1201(G) concerns an employer’s obligation which arose not because of a plaintiffs accident nor because of plaintiffs prior employment with an employer but rather because of the employer’s conduct after a final judgment. McCoy v. KMB Transport, Inc., 98-1018 (La.App. 1 Cir. 5/14/99) 734 So.2d 886. In the instant case, it was determined that the City of New Orleans was arbitrary and capricious in its denial.[4] The matter was then remanded for the imposition of penalties and attorney fees. After these were finally awarded on October 13, 1997, the defendant paid the ^penalties of $2,000.00 but not the attorney fees of $10,000.00. The attorney fees in the instant case were awarded for the same reason as those in McCoy. Therefore, the same logic should apply. Accordingly, the award of penalties and attorney fees under La. R.S. 23:1201(G) was proper.
CONCLUSION
For the foregoing reasons, the judgment of the office of workers’ compensation is affirmed.
AFFIRMED.

. Fallen v. New Orleans Police Dept., 97-0022 (La.App. 4 Cir. 7/23/97) 697 So.2d 1077.

.Previously, this section was 23:1201(F) and had read: "any compensation or medical benefits" instead of "any award.”

. It was in fact partially satisfied.

. 697 So.2d 1077