801 So.2d 1128 (2001)
Lester SMITH
v.
QUARLES DRILLING COMPANY, et al.
No. 01-251.
Court of Appeal of Louisiana, Third Circuit.
October 3, 2001.
Rehearing Denied December 12, 2001.
*1129 Michael B. Miller, Attorney at Law, Crowley, LA, Counsel for Plaintiff/Appellant Lester Smith.
Foster P. Nash, III, Degan, Blanchard & Nash, Attorneys at Law, New Orleans, LA, Counsel for Defendant/Appellee Quarles Drilling Company.
Court composed of JIMMIE C. PETERS, GLENN B. GREMILLION and ELIZABETH A. PICKETT, Judges.
PICKETT, Judge.

FACTS
Before us is the sole issue of the amount which should be awarded in attorney fees for representation in this litigation.
Lester Smith was injured on the job on November 4, 1994. When the employer Quarles Drilling Company failed to begin payment of workers' compensation benefits, a claim was filed with the Office of Workers' Compensation on December 6, 1994. Since that time there has been extensive litigation in this matter. Plaintiff has filed six motions to compel and, ultimately, three writ applications with this court. In addition, a judgment was rendered in the workers' compensation judge on November 18, 1998, dismissing the plaintiff's claim. An appeal followed, wherein this court reversed the ruling of the lower court and remanded the matter, allowing the plaintiff further medical treatment.
Ultimately, a trial was held and judgment was rendered by the workers' compensation judge, awarding the plaintiff not only workers' compensation benefits, but also $2,000.00 in penalties for failure to pay benefits properly, $2,000.00 in penalties for failure to provide medical treatment properly, and $6,000.00 attorney fees.
Plaintiff appeals only the amount awarded as attorney fees, arguing the amount awarded is abusively low.

DISCUSSION
The award of attorney fees in this case was based on La.R.S. 23:1201, which states in pertinent part:
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim....
The award of the attorney fees is not at issue before this court-only the amount of that award.
At the conclusion of the case, the appellant's attorney submitted an affidavit indicating he had spent a total of 280 hours in the prosecution of this case and set forth his "non-contingent hourly fee" as $125.00 per hour. Appellant's attorney argues the court should award $55,500.00 in attorney fees based on 300 hours of work. Presumably this includes the 280 hours set forth *1130 in the affidavit as well as 20 hours for his work on this appeal, at a rate of $185.00 per hour.
In addressing the issue of attorney fees, the workers' compensation judge recognized the inordinate amount of time the appellant's attorney spent on this case and specifically stated: "I have to say that I don't know of many, if any, other attorneys who would have pursued the case to the extent and have achieved the result that has been achieved today." She then primarily focused her attention on whether the appellee was arbitrary in its actions and the degree of bad faith that was involved, ultimately determining there was "not an egregiously arbitrary denial of benefits." She then fixed the attorney fees in the amount of $6,000.00.
"[T]he amount of statutory attorney fees awarded is intended to fully compensate the employee's attorney, thereby benefitting the employee, for his services rendered in connection with the litigation." Langley v. Petro Star Corp. of La., 01-198, p. 10 (La.6/29/01); 792 So.2d 721, 727 (citing McCarroll v. Airport Shuttle, Inc., 00-1123 (La.11/28/00); 773 So.2d 694.)
The factors to be taken into account when fixing the amount of attorney fees to be awarded in a workers' compensation case are the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the claimant, and the amount of time the attorney devoted to the case. Id. A court cannot take into consideration the degree of bad faith exhibited by the employer. Id. In determining whether the amount awarded by the court is abusively low, therefore, we must focus not on whether the employer lacked bad faith, as found by the workers' compensation judge, but on the other factors as set forth above.
This court is familiar with the appellant's attorney, who appears before this court regularly and almost exclusively in the field of workers' compensation. He is highly learned in this area of the law. The record reflects the high degree of skill which he employed in addressing the many and various issues which arose in the matter before us. The record and the history of this case also support his claim of 280 hours spent during the six years this matter was in litigation. Appellant's counsel was successful in ultimately establishing his client's entitlement to both benefits and penalties. This case was unusually lengthy and complicated because of the number of writs taken up from workers' compensation judge rulings and because it also involved two separate appeals. Counsel ultimately prevailed in these matters.
After reviewing the record in its entirety and applying the factors which may be considered in awarding attorney fees, we determine the amount awarded by the workers' compensation judge is abusively low. When a court of appeal determines that the lower court has abused its discretion in making an award, the appellate court should lower the award to the highest point or raise it only to the lowest point which is reasonable within the discretion of the court of appeal. Coco v. Winston Indus., Inc., 341 So.2d 332 (La. 1976). We determine the record supports a finding that the attorney spent a total of 290 hours on this case, including 280 hours as set forth in the affidavit and 10 hours pursuing this appeal. We find, considering all factors, that the lowest reasonable fee under the circumstances of this case is $100 per hour, totaling $29,000.00 for legal fees. Accordingly, we amend the amount of attorney fees awarded to $29,000.00. Appellee is cast with all costs of these proceedings.
AFFIRMED AS AMENDED.