812 So.2d 692 (2002)
William FALLEN
v.
NEW ORLEANS POLICE DEPARTMENT.
No. 2001-CA-0544.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 2002.
Rehearing Denied March 15, 2002.
Writ Denied May 3, 2002.
*693 Dwight W. Norton, Bernard V. Davis, Metairie, LA, Attorneys for Plaintiff/Appellant.
Herbert A. Cade, Christopher Gobert, Melvin N. Cade, Cade, Collins & Gobert, New Orleans, LA, Attorneys for Defendant/Appellee.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY, III and Judge DAVID S. GORBATY.
JAMES F. McKAY, III, Judge.
In this case, which has been before this Court on two previous occasions[1], the plaintiff, William Fallen, contends that the Office of Worker's Compensation hearing officer erred in not assessing additional penalties against the New Orleans Police Department as provided for by LSA-R.S. 23:1201(G). We will not address the underlying facts of this appeal, as the issue currently before this Court is purely legal.
On January 15, 2000, our opinion in Fallen v. City of New Orleans, which affirmed the award of additional penalties and attorney's fees under LSA-R.S. 23:1201(G), became final. On February 15, 2000, the thirty-day deadline for payment called for by LSA-R.S. 23:1201(G) passed. On March 28, 2000, the defendant paid the judgment and penalties assessed against it. On April 10, 2000, the plaintiff filed another LSA-R.S. 23:1201(G) rule for additional penalties and attorney's fees. On June 5, 2000, after a hearing on this rule, additional penalties and attorney's fees were denied. It is from this judgment that the plaintiff now appeals.
In pertinent part LSA-R.S. 23:1201(G) provides as follows:
If any award payable under the terms of a final, nonappealable judgment is not *694 paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control....
LSA-R.S. 23:1201(G) clearly states that any additional penalties and additional attorney's fees "shall be paid at the same time as .... such award...." In the instant case, the award and the initial LSA-23:1201(G) penalties and attorney's fees were paid on March 28, 2000. Although these amounts were paid late, the plaintiff did not file his LSA-R.S. 23:1201(G) rule that is the subject of this appeal until after the amounts were paid. There is nothing in the statute that provides for an award of additional penalties and additional attorney's fees after a judgment has been satisfied. Accordingly, we find that the hearing officer was neither arbitrary nor capricious in declining to award additional penalties.
For the foregoing reasons, the judgment of the Office of Worker's Compensation is affirmed.
AFFIRMED.
GORBATY, J., dissents.
GORBATY, J., dissenting
I respectfully dissent. LA.R.S.23:1201(G) provides:
If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
This court's judgment of December 15, 1999 became final on January 15, 2000, when the thirty-day period for taking a writ to the Supreme Court elapsed without any such filing. Therefore, the judgment became due on February 15, 2000. Defendant presented no evidence, and in fact does not argue, that its failure to pay the judgment until March 28 resulted "from conditions over which [it] had no control," which would prevent 23:1201(G) penalties from accruing.
The hearing officer, in refusing to assess penalties, admitted, "[T]hat's what the law says. I think some fairness and equity has to be applicable with dealing with some of these situations... For them to even have paid you within... six months is in and of itself something that you need to... kind of be appreciative of..."
The language of La.R.S. 23:1201(G) does not permit the court's discretion in assessing penalties, but rather states that they "shall be added to such award." The only valid defense is that nonpayment resulted from "conditions over which the employer had no control," which was not the case here. As such, the hearing officer's failure to apply the provisions of 23:1201(G) was erroneous. Furthermore, her reasoning in deciding not to award *695 penalties undercuts the very purpose of the statute, which is to encourage prompt payment of judgments due.
Accordingly, I would reverse the judgment of the Office of Worker's Compensation and award penalties and attorney fees.
NOTES
[1] Fallen v. New Orleans Police Department, 97-0022 (La.App. 4 Cir. 7/23/97), 697 So.2d 1077 and Fallen v. City of New Orleans, 99-0656 (La.App. 4 Cir. 12/15/99), 753 So.2d 910.