## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-795


**LESTER SMITH**

**VERSUS**

**QUARLES DRILLING COMPANY**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF VERMILION, NO. 01-00511
SHARON MORROW, WORKERS COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***


## ELIZABETH A. PICKETT
## JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Billie Colombaro Woodard, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**REVERSED AND RENDERED.**


**Michael Benny Miller**
**Miller & Miller**
**P. O. Box 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**Counsel for Plaintiff Appellant:**
 **Lester Smith**

**Sidney W. Degan, III**
**Foster P. Nash III**
**Degan, Blanchard & Nash**
**400 Poydras St., #2600**
**New Orleans, LA 70130**
**(504) 529-3333**
**Counsel for Defendant Appellee:**
 **Quarles Drilling Company**

**PICKETT, Judge.**

## FACTS

Lester Smith was injured on the job on November 4, 1994. After protracted litigation, including a previous appeal to this court (*Smith v. Quarles Drilling Co.,* 99-171 (La.App. 3 Cir. 6/2/99), 741 So.2d 829, *writ denied*, 99-1949 (La. 10/8/99), 751 So.2d 227, reversing the WCJ's determination that Smith forfeited his right to benefits by misrepresenting a previous injury and remanding for further proceedings), Smith was awarded benefits on November 30, 2000. The WCJ also awarded $2,000.00 in penalties and $6,000.00 in attorney's fees. On appeal of that determination, this court increased the amount of attorney's fees to $29,000.00, and the supreme court denied writs. *Smith v. Quarles Drilling Co.*, 01-351 (La.App. 3 Cir. 10/3/01), 801 So.2d 1128, *writs denied*, 02-80, 02-123 (La. 3/28/02), 811 So.2d 943, 945. On May 7, 2002, Quarles made payment of $23,000.00 to Michael Miller, Smith's attorney, which was the balance owed on the $29,000.00 judgment. Miller responded by filing a Motion for Penalties and Attorney's Fees, alleging that Quarles had not paid the full amount of the judgment timely since they failed to include interest from the date of the judgment of this court, October 3, 2001. Quarles responded by filing a Motion for Sanctions against Miller.

The WCJ found that interest on the judgment was not a "clear, discernable 'award payable' per 23:1201(G)." Thus, penalties and attorney's fees were not payable. The WCJ did not rule on whether interest was payable or not. Finally, she denied Quarles' Motion for Sanctions.

Both parties appealed the judgment, but Quarles has abandoned their appeal. Thus, only Smith appeals.

1

**ASSIGNMENTS OF ERROR**

The appellant Smith alleges one assignment of error:

The hearing officer erred in failing to award penalties and attorney fees.

**DISCUSSION**

The sole assignment of error is based on the proposition that the increased attorney's fees awarded by this court in its October 3, 2001 judgment should bear legal interest from that date until the date paid, May 7, 2002. The appellant relies primarily on *George v. Guillory*, 00-591 (La.App. 3 Cir. 11/2/00), 776 So.2d 1200, to support this contention. In that case, the WCJ awarded penalties and attorney's fees, but failed to award legal interest thereon. This court found no error in that ruling, and found that legal interest attaches automatically by operation of law:

> The fact that a workers' compensation judge is silent as to legal interest in his judgment does not constitute denial of such interest; legal interest is mandatory under the workers' compensation statute. *Kortz v. Colt Energy Servs., Inc.*, 97-159 (La.App. 5 Cir.7/29/97), 698 So.2d 460. Legal interest is due on penalties and attorneys fees from the date of judgment in workers' compensation cases. *See McLaughlin v. Hill City Oil Co./Jubilee Exxon*, 97-577 (La.App. 3 Cir. 10/8/97); 702 So.2d 786, *writ denied*, 97-2797 (La.2/13/98); 706 So.2d 994; *Sharbono v. Steve Lang & Son Loggers*, 97-0110 (La.7/1/97); 696 So.2d 1382. This interest automatically attaches until judgment is satisfied, whether prayed for in petition or mentioned in judgment. *See Crooks v. Town of Ball*, 94-466 (La.App. 3 Cir. 11/2/94); 649 So.2d 597. Accordingly, the trial court did not err by not including an award of legal interest in its judgment. Such legal interest automatically attaches upon the award of penalties and attorneys fees under workers' compensation law. Thus, Mr. George is entitled to legal interest on the award of penalties and attorneys fees by the trial court from the date of judgment.

*Id.* at 1211.

Quarles argues that *George* was wrongly decided, citing *Sharbono v. Steve Lang & Son Loggers* , 97-110 (La. 7/1/97), 696 So.2d 1382, or, alternatively, that Smith's disputed claim for compensation was untimely because it was not filed until after the judgment was paid, citing *Fallen v. City of New Orleans*, 01-544 (La.App.

2

4 Cir. 2/6/02), 812 So.2d 692, *writ denied*, 02-702 (La. 5/3/02), 815 So.2d 823. The WCJ found that interest on the award was not clearly due, so La.R.S. 23:1201(G) was not applicable.

A WCJ's rulings with regard to attorney's fees are factual determinations which will not be disturbed by a reviewing court unless they are clearly wrong. *Clifton v. Ditto's Apparel*, 98-1180, 99-1181 (La.App. 3 Cir. 2/3/99); 736 So.2d 882, *writ denied* 99-651 (La. 4/23/99); 742 So.2d 891. In this case, if interest is due, penalties and attorney's fees would be payable under La.R.S. 23:1201(G), which states:

> If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

There is no jurisprudence to support the "clear, discernable" language used by the WCJ. The issue is whether interest was due, and if it was, whether penalties and attorney's fees are owed. Thus, interest is "the award payable." There is no "reasonably controverted" language in section 1201(G), as there is in section 1201(F). We must determine if interest is due to determine if it is an award payable, and that is strictly a legal question. The WCJ's reasoning is flawed, in that she failed to determine if there was in fact an award payable which was not paid.

The facts in *Fallen* were succinctly put forth by the fourth circuit:

> On January 15, 2000, our opinion in *Fallen v. City of New Orleans*, which affirmed the award of additional penalties and attorney's fees under LSA-R.S. 23:1201(G), became final. On February 15, 2000, the thirty-day deadline for payment called for by LSA-R.S. 23:1201(G) passed. On March 28, 2000, the defendant paid the judgment and

3

> penalties assessed against it. On April 10, 2000, the plaintiff filed another LSA-R.S. 23:1201(G) rule for additional penalties and attorney's fees. On June 5, 2000, after a hearing on this rule, additional penalties and attorney's fees were denied. It is from this judgment that the plaintiff now appeals.

*Id.* at 693.

The court found that since the language of section 1201(G) states that penalties and attorney's fees shall be paid at the same time as the award which is the basis for the penalty, it follows that once the judgment has been paid, even if it is beyond the thirty days required, additional penalties and attorney's fees cannot be sought. Judge Gorbaty dissented. He claimed that the penalties and attorney's fees are mandatory for failure to pay timely.

This case is distinguishable from our case, because if interest is due on the judgment of this court, as argued by the appellants, then the tender of $23,000.00 on May 7, 2002, did not satisfy the judgment. Thus, there would still be an award payable, and the filing on May 9, 2002, of a disputed claim for compensation was timely.

In the hearing below, Smith claimed that interest was automatic pursuant to La.R.S. 23:1201.3. The supreme court in *Sharbono* held that that section "does not govern the calculation of interest on a hearing officer's award of penalties and attorney's fees." *Id.* at 1386. They reasoned that fees and penalties are not compensation within the meaning of the statute. They did conclude, however, that a judgment awarding attorney's fees and penalties do bear interest from the date of judgment, where interest is awarded.

Quarles' argument that the failure to seek interest on the awards in the previous hearing before this court bars the current action is misplaced. This court's opinion in *George* indicates that interest attaches to an award of penalties and attorney's fees as

4

a matter of law, even though the court does not include such an award in the judgment. Thus, interest was due, Quarles failed to pay interest, and the filing by Smith was timely on May 9, 2002, because the entire judgment had not been paid within thirty days. Smith is entitled not only to the interest but also to further penalties and attorney's fees under the mandatory provisions of section 1201(G).

We find the WCJ erred in denying the appellant's request for penalties and attorney fees. That judgment is reversed and we hereby grant penalties in the amount of $3,000.00 and attorney fees in the amount of $2,500.00. Costs of this appeal are assessed to Quarles Drilling.

**REVERSED AND RENDERED.**