885 So.2d 562 (2004)
Lester SMITH
v.
QUARLES DRILLING COMPANY.
No. 2004-C-0179.
Supreme Court of Louisiana.
October 29, 2004.
*563 Degan, Blanchard & Nash, Sidney W. Degan, III, Foster P. Nash, III, Travis L. Bourgeois, New Orleans, for Applicant.
Miller & Miller, Michael B. Miller, Crowley, for Respondent.
WEIMER, Justice.
This matter is before us for consideration of whether judicial interest[1] automatically attaches to attorney fees awarded in a workers' compensation judgment. For reasons that follow, we reverse the court of appeal opinion, reinstate the judgment rendered by the workers' compensation judge, and hold judicial interest does not accrue on an attorney fee award because interest was not "prayed for" or "allowed by law." LSA-C.C.P. art. 1921.

FACTS AND PROCEDURAL HISTORY
Lester Smith was injured on the job on November 4, 1994. He filed a disputed *564 claim seeking compensation benefits, penalties, and attorney fees. Following extensive litigation, Smith obtained an award for compensation benefits. In addition, the employer was ordered to pay $2,000 in penalties for failure to pay benefits promptly, $2,000 in penalties for failure to provide medical treatment promptly, and $6,000 in attorney fees. The judgment was silent with regard to interest. Smith appealed, contesting only the amount awarded for attorney fees. The court of appeal increased the award of attorney fees from $6,000 to $29,000. Smith v. Quarles Drilling Company, 01-251 (La.App. 3 Cir 10/3/01), 801 So.2d 1128.[2] That judgment was also silent as to interest. Both parties filed for a writ of certiorari to this court; both applications were denied. Smith v. Quarles Drilling Company, 02-0080, 02-0123 (La.3/28/02), 811 So.2d 943, 945.
The employer paid the additional award of attorney fees on May 7, 2002. On May 9, 2002, Smith filed a motion seeking additional penalties and attorney fees alleging the amount paid did not include judicial interest accrued on the previously paid attorney fees. Without payment of the judicial interest accrued on the attorney fee award, Smith alleged the judgment was not fully paid within thirty days of becoming final. Smith argued judicial interest automatically attaches to an award for attorney fees whether stated in the judgment or not. He further argued the "award payable" under the terms of the final judgment was not paid within thirty days as provided by LSA-R.S. 23:1201(G), thus entitling him to additional penalties and attorney fees.
Quarles Drilling Company (Quarles) opposed the motion, arguing that neither the Office of Workers' Compensation judgment nor the court of appeal judgment provided for interest. Quarles filed a motion for sanctions. Following a hearing, the workers' compensation judge denied Smith's motion for additional penalties and attorney fees and denied Quarles' motion for sanctions. Both parties appealed; however, Quarles dismissed its appeal.
The court of appeal reversed the workers' compensation judgment, determined Smith was owed interest on the attorney fee award, and pursuant to LSA-R.S. 23:1201(G) awarded Smith an additional $3,000 in penalties and $2,500 in attorney fees. Smith v. Quarles Drilling Company, 03-795 (La.App. 3 Cir. 12/17/03), 865 So.2d 123. Quarles applied for a writ of certiorari to this court which was granted. Smith v. Quarles Drilling Company, 04-0179 (La.4/2/04), 869 So.2d 864.

DISCUSSION
Quarles advances three arguments before this court  the court of appeal lacked jurisdiction to amend a final judgment to add an award for interest; the court of appeal erred in holding interest automatically attaches to an award for penalties and attorney fees as a matter of law; and the court of appeal erred in failing to apply Fallen v. New Orleans Police Department, 01-0544 (La.App. 4 Cir. 2/6/02) 812 So.2d 692, writ denied, 02-0702 (La.5/3/02), 815 So.2d 823, to the facts of this case.
We begin by examining the holding of the court of appeal. The single issue on appeal was whether the workers' compensation judge erred in failing to award penalties and attorney fees pursuant to LSA-R.S. 23:1201(G)[3] for the failure of
*565 Quarles to pay the "award payable," including interest on attorney fees, within thirty days after it became due. Smith, relying on George v. Guillory, XXXX-XXXXX(La.App. 3 Cir. 11/2/00), 776 So.2d 1200, argued that interest was due on the increase in the attorney fees awarded by the court of appeal in the October 2001 judgment from the date of the judgment until paid. His contention was that interest automatically attached to an award for penalties and attorney fees whether prayed for in the petition or provided by judgment. Smith further argued the payment made by Quarles on May 7, 2002, did not include interest on the attorney fee award; therefore, the payment did not satisfy the entirety of the award payable and he was entitled to an additional penalty and attorney fee.
Quarles argued the George case was wrongly decided, citing Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382. In Sharbono, this court was called upon to determine at which point an award for interest on attorney fees begins to accrue  from the date of judicial demand or from the date of the judgment. The Sharbono court concluded interest was due from the date of the judgment awarding interest.
The court of appeal agreed with Smith. Relying on its opinion in George wherein the court cited Kortz v. Colt Energy Services, Inc., 97-159 (La.App. 5 Cir. 7/29/97), 698 So.2d 460,[4] the court of appeal found that legal interest is mandatory under the workers' compensation statute. The George case also cited Crooks v. Town of Ball, 94-466 (La.App. 3 Cir. 11/2/94), 649 So.2d 597, for the proposition that interest automatically attaches whether prayed for in the petition or mentioned in the judgment. The court acknowledged that judicial interest on attorney fees is due from the date of the judgment in workers' compensation cases. Sharbono, 97-0110 at 10, 696 So.2d at 1388-89.
Following the reasoning of George, Kortz, and Crooks, the court of appeal found that interest on the award for attorney fees in this case was mandatory and automatic although not prayed for and that Quarles failed to pay that interest. The court further reasoned the tender of $23,000 on May 7, 2002, did not satisfy the judgment because the payment did not include interest on that amount from the date of the judgment. The court of appeal held plaintiff was not only entitled to interest on the award for the additional attorney fees, but also an award for penalties and attorney fees provided under the mandatory provision of LSA-R.S. 23:1201(G).
We disagree with the reasoning of the court of appeal. In order to obtain *566 interest on an award, a litigant must pray for interest unless interest is allowed by law. Louisiana Code of Civil Procedure article 1921 provides: "Interest in the judgment shall be awarded as prayed for or as allowed by law."[5] The "as allowed by law" language has been frequently interpreted to refer to judicial interest in tort cases. See LSA-R.S. 13:4203.[6]
Similarly, the workers' compensation law provides that an award for compensation carries with it an award for interest due from the date of each installment payment. LSA-R.S. 23:1201.3(A).[7] Thus, under the statute, compensation awarded shall bear judicial interest.
Review of the record in this matter indicates Smith filed a disputed claim for compensation in which he sought recovery of compensation benefits, penalties, and attorney fees. Smith did not request interest on the award for attorney fees. The judgment rendered in the workers' compensation court did not provide for interest on the attorney fee award. On appeal, Smith contested the amount of attorney fees awarded, but did not assign as error the omission of interest on the attorney fees.
The court of appeal amended the judgment increasing the amount of the award for attorney fees, but did not provide for interest on that award. Smith v. Quarles Drilling Company, 01-251 at 4, 801 So.2d at 1130. Thus, pursuant to LSA-C.C.P. art. 1921, because interest was not "prayed for," Smith may only recover interest on the award for attorney fees if interest is "allowed by law."
Awards of attorney fees in workers' compensation cases are essentially penal in nature, and are intended to deter indifference and undesirable conduct by employers and insurers toward injured employees. Langley v. Petro Star Corp. of La., 01-0198, p. 3 (La.6/29/01), 792 So.2d 721, 723; J.E. Merit Constructors, Inc. v. Hickman, 00-0943, p. 5 (La.1/17/01), 776 So.2d 435, 438; Williams v. Rush Masonry, Inc., 98-2271, pp. 8-9 (La.6/29/99), 737 So.2d 41, 46; Sharbono v. Steve Lang & Son Loggers, 97-0110 at 7, 696 So.2d at 1386. Although the benefits in the Workers' Compensation Act are to be liberally construed, penal statutes are to be strictly construed. Langley v. Petro Star Corp. of La., 01-0198 at 4, 792 So.2d at 723; Williams v. Rush Masonry, Inc., 98-2271 at 9, 737 So.2d at 46. We note LSA-R.S. 23:1201(G) is a penal statute which must be strictly construed.
The judgments rendered by the workers' compensation judge and the court of appeal in this matter are devoid of an *567 award of interest accruing on the attorney fee award. It has long been the rule that interest cannot be recovered on a judgment which is silent as to interest. Factors' & Traders' Ins. Co. v. New Harbor Prot. Co., 39 La.Ann. 583, 2 So. 407 (La.1887); Succession of Anderson, 33 La.Ann. 581 (La.1881). An exception exists when interest is provided by statute. We agree that "legal [or judicial][8] interest is statutory and should be strictly construed." Cole v. Celotex Corporation, 599 So.2d 1058, 1081 (La.1992), quoting Cole v. Celotex Corporation, 588 So.2d 376, 389 (La.App. 3rd Cir.1991), which in turn cites Merchant v. Montgomery Ward & Co., 83 So.2d 920, 926 (La.App. 1st Cir.1955), a case in which then Judge Tate writing for the court states, "[Judicial] interest is somewhat in the nature of a penalty, and as applied to the present facts the statute should be strictly construed."
This court has previously addressed the difference between "compensation" and other awards recoverable pursuant to the workers' compensation statutes. In a thorough discussion of LSA-R.S. 23:1201.3, the court determined the term "compensation" within the meaning of the statute does not include attorney fees and penalties. Sharbono, 97-0110 at 5, 696 So.2d at 1385-86. The court specifically held that LSA-R.S. 23:1201.3 does not govern the calculation of interest on penalties and attorney fees in a workers' compensation judgment. Sharbono, 97-0110 at 6, 696 So.2d at 1386. Therefore, interest on attorney fees is not "allowed by law" pursuant to LSA-R.S. 23:1201.3.
The court of appeal erred in relying on its prior decision in George, a case in which the workers' compensation judge awarded penalties and attorney fees, but failed to award interest thereon. The third circuit found no error in the ruling, finding that judicial interest attaches automatically by operation of law. Relying on Kortz, the court reasoned that silence as to judicial interest in the judgment does not constitute denial because interest is mandatory under the workers' compensation statute. George was decided after this court decided Sharbono and is in direct conflict with its holding that LSA-R.S. 23:1201.3 "does not govern the evaluation of interest on a hearing officer's award of penalties and attorney fees." Sharbono, 97-0110 at 6, 696 So.2d at 1386. As stated in Sharbono, attorney fees awarded are not "compensation." Rather, attorney fees are in the nature of a penalty as opposed to compensation. Insofar as they conflict with this decision George v. Guillory, XXXX-XXXXX (La.App. 3 Cir. 11/2/00), 776 So.2d 1200, and Kortz v. Colt Energy Services, Inc., 97-159 (La.App. 5 Cir. 7/29/97), 698 So.2d 460, are overruled.
In accordance with the holding of this court in Sharbono, Smith was not automatically entitled to interest on the award of attorney fees. The judgment of the court of appeal is reversed and the judgment of the workers' compensation judge is reinstated.
Other arguments advanced by Quarles are pretermitted in light of our ruling in this matter.

CONCLUSION
In this case, Smith did not pray for interest on attorney fees in the petition nor did he appeal the absence of an award for interest in the judgment. Neither the workers' compensation judgment nor the court of appeal judgment provided for interest on the attorney fees. Those judgments became final with no mention of interest accruing on the attorney fee *568 award. The "award payable" reflected on the face of the judgment was paid in full. Judicial interest did not accrue on the attorney fee award because interest was not "prayed for." Interest on an attorney fee award is not "allowed by law" pursuant to LSA-R.S. 23:1201.3. See LSA-C.C.P. art. 1921.
For reasons previously assigned, the decision of the court of appeal is reversed. The judgment of the workers' compensation judge is reinstated.
REVERSED.
KNOLL, J., additionally concurs with reasons.
KNOLL, J., additionally concurring.
Presently there is no statutory authority in the law to automatically allow legal interest on attorney's fees and penalties owed in workers' compensation cases. The Louisiana Legislature should address this oversight to encourage those who owe a debt to timely pay their obligation to attorneys who successfully pursue compensation benefits for the workers of this state. Legal interest should be provided automatically on the award of attorney's fees and penalties without the superfluous necessity of having to ask that it be awarded, see e.g. La. Civ.Code Ann. art. 2000 (providing that in the absence of agreement, legal interest should be awarded as fixed by La. Civ.Code Ann. art. 2924 on sums of money due).
NOTES
[1] Interest is either legal or conventional. Legal interest on sums which are the object of a judicial demand, at the rate fixed in LSA-R.S. 13:4202, is called "judicial interest." LSA-C.C. art. 2924. Codal authority and jurisprudence refer to legal interest and judicial interest interchangeably. For purposes of this opinion we use the term "judicial interest."
[2] For prior history, see also Smith v. Quarles Drilling Company, 99-171 (La.App. 3 Cir. 6/2/99), 741 So.2d 829, writ denied, 99-1949 (La.10/8/99), 751 So.2d 227; Smith v. Quarles Drilling Company, writ denied, 96-0258 (La.3/15/96), 669 So.2d 420.
[3] LSA-R.S. 23:1201(G) provides:

If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
[4] Kortz was decided by the fifth circuit on July 29, 1997, shortly after this court decided Sharbono and did not cite the Sharbono case. Instead, Kortz relied on language in the statute and Crooks v. Town of Ball, 94-466 (La.App. 3 Cir. 11/2/94), 649 So.2d 597, a case that interpreted the language of the statute to be mandatory and comparable to LSA-R.S. 13:4203 which provides for legal interest in tort cases from date of judicial demand.
[5] "Official Revision Comments  1960" following Article 1921 provides, in part:

The phrase "as provided by law" will cover the exception in the case of tort claims, since in these cases interest attaches automatically, without being prayed for.
[6] LSA-R.S. 13:4203 provides as follows:

Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, "ex delicto", which may be rendered by any of the courts.
It is well settled that interest provided by LSA-R.S. 13:4203 is due whether prayed for or provided in the judgment. Caldwell v. City of Shreveport, 150 La. 465, 90 So. 763 (1922); see also LeBlanc v. New Amsterdam Casualty Company, 202 La. 857, 13 So.2d 245 (1943), citing Layne v. Louisiana Power & Light Co., 164 So. 672 (La.App. 2 Cir.1935).
[7] LSA-R.S. 23:1201.3(A) provides, in part:

Any compensation awarded and all payments thereof directed to be made by order of the workers' compensation judge shall bear judicial interest from the date compensation was due until the date of satisfaction. The interest rate shall be fixed at the rate in effect on the date the claim for benefits was filed with the office of workers' compensation administration.
[8] See footnote 1.