947 So.2d 234 (2007)
Shirley DUFOUR
v.
RIVER CITY MANAGEMENT.
No. 06-1408.
Court of Appeal of Louisiana, Third Circuit.
January 17, 2007.
George Flournoy, Flournoy & Doggett, Alexandria, LA, for Plaintiff/Appellant, Shirley DuFour.
Debra Parker, Johnson, Stiltner & Rahman, Baton Rouge, LA, for Defendants/Appellees, River City Management, Louisiana Workers' Compensation Corporation.
Court composed of MICHAEL G. SULLIVAN, GLENN B. GREMILLION, and JAMES T. GENOVESE, Judges.
GENOVESE, Judge.
The defendants-appellees, River City Management and Louisiana Workers' Compensation Corporation, move to dismiss the appeal by the plaintiff-appellant, Shirley DuFour. For the following reasons, we hereby deny the motion.
Initially, the plaintiff filed a disputed claim for workers' compensation against her former employer, River City Management. On August 22, 2005, the Office of Workers' Compensation (OWC) approved a compromise settlement between the parties. On November 17, 2005, the plaintiff filed another disputed claim for workers' compensation against River City Management, claiming that mileage expenses had not been reimbursed. The defendants filed a Motion for Sanctions, stating that the full and final settlement of all the plaintiff's workers' compensation claims was executed by the OWC on August 22, 2005. The Motion for Sanctions sought to have the plaintiff's current workers' compensation claim dismissed with prejudice and attorney fees awarded. Following a hearing on January 9, 2006, the OWC granted the motion, assessed $500.00 in attorney fees, and dismissed the plaintiff's claim with prejudice. The OWC signed the written judgment on January 11, 2006. On July 14, 2006, the defendants filed a Motion for Penalties and a Motion for Expedited Hearing, claiming that they had not received the court ordered attorney fees.
The OWC held a hearing on August 7, 2006 and granted the Motion for Penalties, ordering the plaintiff's attorney to pay the previous $500.00 assessed in attorney fees, as well as $3,000.00 in attorney fees, and a penalty of $3,000.00 for failure to pay the previous judgment. The workers' compensation judge signed the written judgment on August 18, 2006. Notice of the judgment was sent to the plaintiff on August 18, 2006. The plaintiff filed a Motion and Order for New Trial which was denied by OWC on August 25, 2006.
The plaintiff filed a Motion and Order for Suspensive Appeal which was granted by the OWC on October 3, 2006. The defendants filed a Motion to Dismiss the Appeal in this court on November 2, 2006, alleging that the appeal was untimely filed, i.e., more than thirty days following the OWC's denial of the Motion for New Trial. However, we note that La.Code Civ.P. art. 2123 provides that a suspensive appeal must be taken within thirty days of the date of the mailing of the notice of the denial of a timely filed Motion for New Trial. The record before this court does not contain any notice of the denial having *235 been mailed. Therefore, the defendants have not shown that the plaintiff's appeal is untimely.
MOTION TO DISMISS APPEAL DENIED.