# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 06-1487


SHIRLEY DUFOUR

VERSUS

RIVER CITY MANAGEMENT, INC.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 05-07862
JAMES BRADDOCK, WORKERS' COMPENSATION JUDGE


\*\*\*\*\*\*\*\*\*\*


## BILLY HOWARD EZELL
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, Oswald
A. Decuir, Glenn B. Gremillion, and Billy Howard Ezell, Judges.

DECUIR, J., dissents and assigns written reasons.


**REVERSED.**

**George A. Flournoy**
**Flournoy & Doggett**
**P. O. Box 1270**
**Alexandria, LA 71309-1270**
**(318) 487-9858**
**Counsel for Plaintiff/Appellant:**
**Shirley Dufour**

**Debra Talbot Parker**
**Johnson, Stiltner & Rahman**
**P. O. Box 98001**
**Baton Rouge, LA 70898-8001**
**(225) 930-0437**
**Counsel for Defendants/Appellees:**
**River City Management, Inc.**
**Louisiana Workers' Compensation Corporation**

**EZELL, Judge.**

After the claimant and the insurer in this workers' compensation case executed a full and final settlement of the dispute, the claimant's attorney filed several motions, all of which were found to be without merit. Consequently, the workers' compensation judge determined the attorney had filed frivolous pleadings and assessed him with a $500.00 attorney fee to be paid to the Defendants. When the fee was not paid timely, the Defendants filed a motion for penalties under La.R.S. 23:1201(G) which was granted by the workers' compensation judge, and the attorney was assessed with a $3,000.00 penalty and $2,000.00 in attorney fees, in addition to the original $500.00 judgment. The attorney, George Flournoy, appeals. For the following reasons, we reverse.

The facts of this case were set forth in a previous opinion of this court wherein we denied the Defendants' motion to dismiss Flournoy's appeal. In *Dufour v. River City Management,* 06-1408, pp.1-2 (La.App. 3 Cir. 1/17/07), 947 So.2d 234, we explained:

> [T]he plaintiff filed a disputed claim for workers' compensation against her former employer, River City Management. On August 22, 2005, the Office of Workers' Compensation (OWC) approved a compromise settlement between the parties. On November 17, 2005, the plaintiff filed another disputed claim for workers' compensation against River City Management, claiming that mileage expenses had not been reimbursed. The defendants filed a Motion for Sanctions, stating that the full and final settlement of all the plaintiff's workers' compensation claims was executed by the OWC on August 22, 2005. The Motion for Sanctions sought to have the plaintiff's current workers' compensation claim dismissed with prejudice and attorney fees awarded. Following a hearing on January 9, 2006, the OWC granted the motion, assessed $500.00 in attorney fees, and dismissed the plaintiff's claim with prejudice. The OWC signed the written judgment on January 11, 2006. On July 14, 2006, the defendants filed a Motion for Penalties and a Motion for Expedited Hearing, claiming that they had not received the court ordered attorney fees.

1

The OWC held a hearing on August 7, 2006 and granted the Motion for Penalties, ordering the plaintiff's attorney to pay the previous $500.00 assessed in attorney fees, as well as $3,000.00 [*sic*] in attorney fees, and a penalty of $3,000.00 for failure to pay the previous judgment. The workers' compensation judge signed the written judgment on August 18, 2006. Notice of the judgment was sent to the plaintiff on August 18, 2006. The plaintiff filed a Motion and Order for New Trial which was denied by OWC on August 25, 2006.

In the present appeal, Flournoy argues that the provisions of La.R.S. 23:1201(G) do not apply to a sanction against an attorney. He contends that the penalties and attorney fees under the Workers' Compensation Act apply only to unpaid judgments of compensation benefits. By contrast, the Defendants contend that the provisions apply to *any* unpaid judgment in a workers' compensation case.

The pertinent judgment in this case is the $500.00 assessment made against the Appellant under the authority of La.Code Civ.P. art. 863(D). A workers' compensation judge is authorized to impose sanctions under Article 863. *See Clophus v. Taco Bell Corp./Hot 'N Now, Inc.,* 98-1794 (La.App. 3 Cir. 3/31/99), 732 So.2d 692. There is nothing in the jurisprudence to indicate, and indeed the Appellant does not suggest, that an Article 863 sanction imposed by a workers' compensation judge is somehow unenforceable or entitled to less weight than any other judgment of a workers' compensation judge. In this case, the judgment imposing the sanction was not appealed, and it is now final. The validity of that judgment is not before us.

To the contrary, what is before us is the sanction imposed on the Appellant for failing to pay the original sanction. The workers' compensation judge relied on the provisions of the Workers' Compensation Act to penalize the failure to pay a judgment of his court. Louisiana Revised Statutes 23:1201(G) provides as follows:

> If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof

2

or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

"Awards of attorney fees in workers' compensation cases are essentially penal in nature, and are intended to deter indifference and undesirable conduct by employers and insurers toward injured employees." *Smith v. Quarles Drilling Co.*, 04-179, p. 6 (La. 10/29/04), 885 So.2d 562, 566. Penal statutes are to be strictly construed even though the benefits provisions of the Workers' Compensation Act is to be liberally construed. *Id.* Louisiana Revised Statutes 23:1201(G) is a penal statute which must be strictly construed. *Id.*

While La.R.S. 23:1201(G) does apply to "any award," it further provides that an "employer" is not responsible for the penalties when nonpayment was due to something the employer had no control over. Clearly, the statute, when read as a whole, was intended to apply to nonpayment of a judgment by employers and their insurers. Further evidence is found in the fact that La.R.S. 23:1201(G) also provides that amounts paid as penalties and attorney fees pursuant to the statute cannot be used to determine workers' compensation premiums. This is because the scheme of penalties and attorney fees in the workers' compensation arena are directed at employers and their insurers. Other means were available to enforce the judgment.

For these reasons, the judgment of the workers' compensation court is reversed. Costs of this appeal are assessed to River City Management, Inc. and the Louisiana Workers' Compensation Corporation.

**REVERSED.**

3

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1487

SHIRLEY DUFOUR

VERSUS

RIVER CITY MANAGEMENT, INC.

**DECUIR, J., dissenting.**

The trial court assessed the Claimant's attorney with penalties and attorney fees for failing to pay a judgment timely. Acknowledging that La.R.S. 23:1201(G) provides for the assessment of such a penalty, the majority holds that only the employer and/or insurer can be subject to this penalty. I disagree.

La.R.S. 23:1201 provides for different penalties to be assessed depending on the circumstances of the wrongdoing. Subsection F provides for penalties in the event "compensation or medical benefits" are not paid at the time and place described in Subsections A through E. Subsection I provides for penalties in the event an employer or insurer arbitrarily, capriciously, or without probable cause, "discontinues payment of claims due and arising under this Chapter." Subsection G provides for penalties in the event "any award payable under the terms of a final, nonappealable judgment is not paid within thirty days."

The term "any award" in Section 1201(G) is not restricted to awards against certain parties, or awards for certain benefits, or awards at a certain time in the litigation. In fact, the term "any award" is not restricted at all and, therefore, includes an award against an attorney who filed frivolous pleadings after the compensation matter was concluded. When Flournoy failed to pay that "award," he opened the door to the assessment of penalties and attorney fees under Section 1201(G).

Interestingly, prior to the amendments of 1996, by Act No. 1137, Subsection G read as follows:

> If any **compensation or medical benefits** payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such **unpaid compensation** an amount equal to twenty-four percent thereof or one hundred dollars per day, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such **compensation**, unless **the order is appealed as provided by law or unless** such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate. [Emphasis provided.]

The substitution by the legislature of the word "award" for the more particular "compensation or medical benefits" and "unpaid compensation," makes it clear to me that the legislature intended the penalty and attorney fee provision of Subsection G to apply to **any** judgment of the workers' compensation court, even one levied against a claimant's attorney. By contrast, the majority cites an exception to that general rule; it's rationale relies on a part of the statute that specifically exempts nonpayment which "results from conditions over which the employer had no control." The use of the word "employer" in this phrase is illustrative only and was not intended to limit the provision in any way. In fact, the majority acknowledges that the term should be expanded to include insurers. Why stop there? There is no reason why the term should not include attorneys or anyone else who may be subject to an award of the workers' compensation court. Indeed, the majority wants to have it both ways, expand the term "employer," then use it to restrict the meaning of the statute.

The statute is, however, clear and unambiguous as written. Louisiana Civil Code Article 9 provides "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no

further interpretation may be made in search of the intent of the legislature." Further, La.Civ.Code art. 11 requires Louisiana courts to assign to the words of a law "their generally prevailing meaning."

In reviewing a sanction imposed under Section 1201(G), we are bound by the abuse of discretion standard of review. In *Halker v. American Sheet Metal,* 04-1407, p. 6 (La.App. 3 Cir. 3/16/05), 898 So.2d 629, 633, this court held:

> Although "penal statutes are to be strictly construed," "[t]he WCJ has great discretion in awarding or denying penalties and attorney fees. The WCJ's decision concerning whether or not to assess statutory penalties and attorney fees will not be disturbed absent an abuse of discretion." *Player v. Int'l Paper Co.,* 39,254, p. 5 (La.App. 2 Cir. 1/28/05), 892 So.2d 781.

I find no abuse of discretion in the penalty imposed in this case. The appellant offered no justification for his failure to pay the $500.00 judgment other than his apparent belief, albeit unfounded, that neither the court nor the defendants were serious about enforcing the judgment. The Section 1201(G) sanction is precisely the penalty a defendant would have to pay for ignoring a judgment of the workers' compensation court, and I am unpersuaded by the argument that the appellant, as attorney for the claimant, is immune from such a sanction.

Accordingly, I dissent.

3