STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-121

UDELL LEJEUNE, JR.

VERSUS

STATE OF LOUISIANA, DOTD

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 06-08127
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and James T. Genovese, Judges.

AFFIRMED AND AMENDED IN PART,
REVERSED IN PART, AND RENDERED.

Michael B. Miller
Attorney at Law
P. O. Drawer 1630
Crowley, LA 70527-1630
(337) 785-9500
Counsel for Plaintiff/Appellant:
       Udell Lejeune, Jr.

Sylvia M. Fordice
Assistant Attorney General
556 Jefferson Street, 4th Floor
Lafayette, La 70501
(337) 262-1700
Counsel for Defendant/Appellant:
       State of Louisiana, Through the Department
       of Transportation and Development

**DECUIR, Judge.**

In this workers' compensation dispute initiated by the employee, Udell LeJeune, Jr., the employer, State of Louisiana, through the Department of Transportation and Development (DOTD), appeals the calculation of the weekly compensation rate and the failure to award a credit for overpayment of temporary total disability benefits. DOTD also questions the amount of attorney fees awarded, the award of expenses, and the penalty assessed for late payment of a medical bill. LeJeune also appeals, assigning as error the workers' compensation judge's failure to award legal interest.

## FACTS

Udell LeJeune was employed by DOTD as a mobile equipment operator on January 27, 2005, when he was injured while in the course and scope of his employment. The record shows that LeJeune was not disabled from his injuries until late June of 2005, and, as a result, compensation benefits were paid to him beginning the following month. On November 27, 2006, LeJeune filed this disputed claim for benefits alleging that his benefits were improperly reduced for a two-month period in 2006. DOTD reconvened seeking a credit for overpayment of benefits.

Following a trial on the merits, the workers' compensation judge found:

(1) LeJeune is entitled to reasonable and necessary medical care as a consequence of his work-related accident on January 27, 2005.

(2) The weekly compensation rate, which begins on January 28, 2005, is $310.31, subject to a credit.

(3) A $2,000.00 penalty is awarded for failure to pay the waiting week.

(4) A $2,000.00 penalty is awarded for failure to pay a missing check.

(5) A $2,000.00 penalty is awarded for failure to timely pay a medical bill.

(6) A $950.00 penalty is awarded for commencing the payment of benefits nineteen days late.

(7) The claimant is due attorney fees in the amount of $18,675.00.

(8) The claimant is due expenses of $708.00.

In this appeal, DOTD's initial assignment of error addresses the date of disability, found by the workers' compensation court to be January 28, 2005. DOTD contends LeJeune's disability did not commence until late June 2005. LeJeune does not dispute this contention and, in fact, concedes the point. Consequently, we will amend the judgment so as to reflect June 28, 2005 as the starting date of LeJeune's disability.

We now turn to the remaining issues raised in the appeal, which include:

(1) whether the average weekly wage was correctly calculated with the addition of $18.50 in holiday pay and $46.09 in annual leave;

(2) whether LeJeune was overpaid in indemnity benefits and DOTD is due a credit;

(3) whether a $33.00 radiology bill was paid untimely;

(4) whether the attorney fee and expense awards were correct;

(5) whether LeJeune is entitled to legal interest; and

(6) whether additional attorney fees should be awarded for work done on this appeal.

## CALCULATION OF BENEFITS

In the instant case, the record shows LeJeune's average weekly wage was calculated at $400.88 based on his wages in the four weeks preceding the accident. The workers' compensation judge then added to that figure an estimated pro rata

2

amount of fringe benefits, including sick leave, vacation time, and holiday pay, for which LeJeune is eligible as a DOTD employee. The average weekly wage was then recalculated at $465.47. DOTD contends this figure is incorrect, as the average weekly wage of $400.88 reflects both wages and fringe benefits paid to LeJeune in the four full weeks preceding his accident.

In the factually similar case of *Hargrave v. DOTD,* 09-818 (La. App. 3 Cir. 4/7/10 ), _____ So.3d _____, this court reversed the workers' compensation judge's inclusion of fringe benefits in the average weekly wage calculation. The *Hargrave* case and the case before us now involve the same defendant, the same position of employment – albeit by two different claimants, the same DOTD Human Resources witness, the same attorneys for both the claimants and DOTD, and the same workers' compensation judge. We held:

> An hourly employee's average weekly wage is calculated for compensation purposes by multiplying his hourly pay rate by the greater of forty hours or the average actual hours worked in the four full weeks preceding the accident. La.R.S. 23:1021(12)(a)(i). In this particular case, there were no specific findings regarding the actual hours worked by claimant or his hourly wage rate. By deduction, however, the claimant's hourly rate on the date of the accident was $13.697, or $1,095.76 divided by eighty hours. It is clear from the evidence that during the four full weeks preceding the date of the accident, the claimant took eight hours of sick leave and may have taken some annual leave. Kay McRae, Human Resources Manager for DOTD, testified that for the four full weeks preceding the date of the accident, which comprised the time period of May 30, 2005 to June 26, 2005, the claimant was paid for forty hours per week. Ms. McRae also testified that for this claimant, paid sick leave and paid annual leave for hours not worked during the four weeks are included in the eighty hours of bi-weekly pay, if the claimant had adequate accumulated leave balances. Although there was no evidence of any holiday pay during the four full weeks prior to the date of the accident, Ms. McRae also indicated that holiday pay would be included in the bi-weekly eighty hours. The claimant would be paid for the holiday, whether he worked or not. If the claimant worked on the holiday, however, he would be paid overtime hours. Thus, the only way an employee would be paid more than forty hours per week for the fifty-two weeks in the year would be if the

3

employee were paid overtime. The claimant did not work any overtime hours during the four full weeks preceding the date of the accident.

The pay structure employed by DOTD is similar to that of the claimant in *Ivory v. Southwest Developmental Center*, 07-1201 (La.App. 3 Cir. 3/5/08), 980 So.2d 108. In each case, the claimant was an hourly employee with a basic bi-weekly pay period of eighty hours. In each case, the department employee testifying regarding the composition of the eighty-hour pay period stated that the eighty hours would include all paid leave and holidays. With the exception of overtime hours worked, an employee could not be paid more than forty hours a week for fifty-two weeks during the year. In *Ivory*, the claimant earned compensatory hours for working on most holidays, while Hargrave would actually be paid overtime for working on a holiday.

Here, as in *Ivory*, we have determined that the claimant is paid on an hourly basis, and his average weekly wage is calculated using La.R.S. 23:1021(12)(a)(i) and that fringe benefits in the form of annual and sick leave are already included in that calculation. Accordingly, for the reasons assigned in *Ivory*, we find the workers' compensation judge erred in adding fringe benefits to the average weekly wage calculation and, consequently, in determining the compensation rate of $424.28. The correct average weekly wage is $547.88, which when multiplied by the TTD rate of sixty-six and two-thirds percent gives a compensation rate of $365.25.

09-818, pp. 3-4.

Following this same analysis in the instant case, and based on the evidence before us, we find the workers' compensation judge erred in the average weekly wage calculation. The correct wage figure is $400.88, resulting in a weekly compensation rate of $267.27.

## OVERPAYMENT OF BENEFITS

The evidence in the record before us shows that DOTD has been making bi-weekly indemnity payments in the amount of $556.02 or $556.00 since benefits were initiated. The correct amount of bi-weekly payments which should have been made is $534.54. Therefore, based on the evidence before us, and for the reasons explained in *Hargrave*, we award DOTD a credit for the overpayment of benefits which, the

record suggests, is now approaching $3,000.00. DOTD is hereby entitled to suspend the payment of benefits until such time as its past overpayments and any additional overpayments accruing in the interim are recouped.

## LATE PAYMENT OF A MEDICAL BILL

The parties contest whether DOTD was properly notified of an outstanding radiology bill in the amount of $33.00, which DOTD ultimately paid according to the applicable fee schedule eight months after the service was provided. The workers' compensation judge was satisfied that DOTD was properly notified of the bill and paid it untimely. We find no abuse of discretion in this factual conclusion.

## ATTORNEY FEES AND EXPENSES

DOTD contends the workers' compensation judge erred in awarding $18,675.00 in attorney fees and $708.00 in litigation expenses. In *Hargrave*, we upheld an award of $18,900.00 in fees for the same attorney, finding no abuse of discretion. For the same reason, we affirm the amount awarded in the present case, as the attorney documented the work performed to the satisfaction of the workers' compensation judge.

Nevertheless, we reverse the award of expenses in the amount of $708.00, which included such items as postage, mileage, and copying costs. Nothing in La.R.S. 23:1201(F) provides for an award of such costs, and we decline to expand the statutory benefit beyond which the legislative language allows.

With regard to LeJeune's request for attorney fees for work done on appeal, we again follow *Hargrave* and award $1,500.00. While we find the workers' compensation judge's award of fees to be already very generous, we do recognize the

5

longstanding jurisprudence of this court allowing an additional amount for appellate work.

## LEGAL INTEREST

As explained in *Smith v. Quarles Drilling Co.*, 04-179 (La. 10/29/04), 885 So.2d 562, a party is entitled to legal interest on an award of penalties and attorney fees if the party prayed for interest in his pleadings. LeJeune appropriately prayed for interest on any penalty or attorney fee that may be awarded, and we therefore award same as requested.

## DECREE

For the above and foregoing reasons, the judgment of the Office of Workers' Compensation awarding weekly indemnity benefits to Udell LeJeune, Jr. in the amount of $310.31 is reversed. Judgment is hereby rendered awarding LeJeune $267.27 per week in indemnity benefits, granting a credit to DOTD for overpayment of benefits as described herein, and assessing legal interest on the penalties and attorney fees awarded. We hereby amend the judgment so as to reflect June 28, 2005 as the starting date of LeJeune's disability and to award appellate attorney fees of $1,500.00. We reverse the award of expenses. In all other respects, the judgment is affirmed. Costs of this appeal in the amount of $1,597.50 are assessed equally to LeJeune and DOTD.

**AFFIRMED AND AMENDED IN PART, REVERSED IN PART, AND RENDERED.**